UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Damond Mosley,

    Petitioner,

v.                                                          Case No. 08-20026
                                                          Honorable Sean F. Cox

United States of America,

    Respondent.

_____/

## OPINION & ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE

On March 25, 2008, following a bench trial, this Court convicted Petitioner Damond Mosley ("Mosley") of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Because of Petitioner's prior convictions, he was subject to the enhanced penalty provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). On July 16, 2008, the Court sentenced Petitioner to 180 months of imprisonment. The matter is currently before the Court on Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Petitioner argues that his sentence should be vacated due to ineffective assistance of counsel prior to trial. The parties have briefed the issues and the Court held an evidentiary hearing on January 10, 2012. For the reasons set forth below, the Court shall DENY Petitioner's motion to vacate his sentence.

## DISCUSSION

Mosley brings his motion pursuant to 28 U.S.C. § 2255, which provides in pertinent part:

1

> (b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.
>
> (c) A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

28 U.S.C. § 2255.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (internal citation omitted). Non-constitutional errors are generally outside the scope of § 2255 relief. *See United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (internal citation omitted).

## EVIDENTIARY HEARING

On January 10, 2012, the Court held evidentiary hearing on Mosley's § 2255 motion (D.E. No. 38) in order to determine whether Mosley's attorney, Daniel Reid, provided

2

ineffective assistance of counsel by failing to adequately communicate a plea offer by the Government.

Mosley called the following witnesses at the hearing: (1) Daniel Reid; (2) Mosley's wife, Lakisha Jernigan; and (3) Tressa Wimberly, who is a close family friend of Mosley. The Government did not call any additional witnesses, but introduced a number of exhibits, including the written plea offer that was faxed by the Government to Reid on March 17, 2008.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having heard and observed the witnesses who testified at the evidentiary hearing, allowing for this Court to assess credibility, having considered the exhibits submitted by the parties, having considered the arguments presented by counsel, and having applied the governing legal principles, the Court makes the following findings of fact and conclusions of law.[1]

FINDINGS OF FACT

In 2007, Mosley was arrested and charged in state court after police officers recovered a firearm from Mosley's vehicle during the course of a traffic stop. Mosley retained his pastor, Daniel Reid, as his attorney. Mosley's case was subsequently referred for federal prosecution, and on January 17, 2008, a federal grand jury indicted Mosley on one count of being a felon in possession of a firearm. The indictment stated:

> The offense alleged in this count is subject to the enhanced penalty provisions of Title 18, United States Code, Section 924(e), in that defendant DAMOND MOSLEY committed this offense after sustaining three previous convictions involving either a violent felony or a serious drug offense, to wit: Possession with Intent to Deliver Less Than 50 Grams of Cocaine (1991); Possession with Intent

---

[1] To the extent that a finding of fact is more properly a conclusion of law, and the to the extent that a conclusion of law is more properly a finding of fact, it should be so construed.

>Deliver Less than 50 grams of Heroin (1992); and Felonious Assault (2001).

(01/17/08 Indictment).

At his arraignment, Mosely was notified that he was facing a potential 15-year term of imprisonment if convicted of the firearm charge.

Sometime after the grand jury returned the indictment, Assistant U.S. Attorney Justin Letts conveyed to Mr. Reid and Mosley that he was willing to extend a plea offer that would require Mosley to plead guilty to a lesser offense. A conviction of the lesser offense would result in a prison term of approximately two-and-a-half years. Mr. Reid communicated the plea offer to Mosley, but Mr. Letts was unable to obtain authorization for the plea offer and withdrew the offer.

On March 17, 2008, three days before Mosley's trial, Mr. Letts faxed a letter containing a second plea offer to Mr. Reid. The letter stated:

> Dear Mr. Reid:
>
> As you know, we are scheduled for a bench trial in this case on Thursday, March 20, 2008. I write to inform you that I have received authorization from the Chief of the Criminal Division to extend a plea offer to your client, Damond Mosley.
>
> The Government is willing to offer your client the opportunity to plead guilty to a single-count Information charging him with Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(j). A conviction under section 922(j) does not trigger the statutory sentencing enhancement (and the corresponding fifteen-year mandatory minimum sentence upon conviction) set forth in the Armed Career Criminal Act, 18 U.S.C. §924(e). Thus, your client's applicable guidelines, if he chooses to accept this offer, will be 57-71 months. If it is not accepted, this plea offer will expire at the close of business on Tuesday, March 18, 2008.
>
> Please contact me at your earliest convenience to discuss this matter

further.

(Plea Offer 03/07/08; Gov Ex. 3).

That same day, Mr. Reid contacted Mosely and notified him that the Government had made an offer. Mr. Reid requested that Mosley come to his office that afternoon to discuss the offer. Mosley arrived at Mr. Reid's office accompanied by his wife and Ms. Wimbley.

The meeting between Mr. Reid, Mosley, Mosley's wife, and Ms. Wimbley lasted between forty-five minutes and an hour. Although the majority of the meeting focused on the strength of the Government's case and preparation for trial, Mr. Reid discussed the plea offer by the Government. Mr. Reid did not provide a copy of the Government's March 17, 2008 letter to Mosley and did not recite the Government's offer to Mosley verbatim. He did, however, paraphrase the letter and communicate the terms of the plea offer to Mosley. Mr. Reid indicated that the Government offered a reduced sentence that required Mosley to serve a minimum of 57-months imprisonment, and that he would not be subjected to the mandatory 15-year mandatory minimum under the ACCA.

On March 20, 2008, Mosley signed and filed a stipulation waiving his right to a jury trial (Doc. No. 21) and the case proceeded as a bench trial. The Government presented evidence that on November 1, 2007, Detroit police officers stopped Mosley's vehicle, and after asking Mosley for consent to search his vehicle, recovered a firearm from the area between the driver's seat and the center console. After hearing from several witnesses, including the arresting officers, the Court convicted Mosley of being a felon in possession of a firearm and determined that the 180 month minimum sentence applied. (Tr. 03/25/2008 at 20:6-0, 25:2-8; Doc. No. 32).

On July 16, 2008, the Court sentenced Mosley to 180-months imprisonment. (Tr.

07/16/2008 at 11:17 -12:2; Doc. No. 33).

Mosley maintained his innocence throughout the entire pretrial period, during the course of the trial, and on direct appeal.

CONCLUSIONS OF LAW

In his motion, Mosley asserts that his counsel's representation was ineffective because Mr. Reid did not adequately communicate the terms of the Government's plea offer and he would have accepted the Government's plea offer if he had been informed of its terms.

"The negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." *Padilla v. Kentucky*, 559 U.S. ___,130 S.Ct. 1473 at *1486 (2010). A petitioner's claim that his counsel provided incompetent advice to reject a plea offer states a viable Sixth Amendment claim. *Turner v. Tennessee*, 858 F.2d 1201, 1205 (6th Cir. 1988) (*vacated on other grounds*, 492 U.S. 902 (1989), *reinstated on other grounds*, 940 F.2d 1000, 1002 (6th Cir. 1991)).

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was constitutionally deficient and that this deficiency prejudiced the petitioner. *Strickland v.Washington*, 466 U.S. 668, 687 (1984).

In the recent case of *Missouri v. Frye*, 566 U.S. ___, 132 S.Ct. 1399 (2012), the Supreme Court applied the *Strickland* test to cases in which it is alleged that a defense counsel failed to communicate a formal plea offer or allowed a plea offer to lapse. The Supreme Court held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id*. at *1408. With respect to the first part of the *Strickland* test, a failure to communicate a formal plea offer to a defendant

is sufficient to establish that a counsel's performance is constitutionally deficient. *Id*. at *1409.

As for the second part of the *Strickland* test, the Supreme Court stated in *Frye*:

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Id*.

In this case, the Court concludes that Mr. Reid's performance was not constitutionally deficient. The Court finds credible Mr. Reid's testimony that he communicated the contents of the plea offer to Mosley during the March 17, 2008 meeting with Mosley, his wife, and Ms. Wimberly. Upon receiving the plea offer, Mr. Reid immediately contacted Mosley and notified him of the plea offer. Knowing that the Government's offer was set to expire the next day, Mr. Reid had Mosley meet him at his office that same evening. At the beginning of the meeting, Mr. Reid notified Mosley that the Government had offered a plea deal. The plea deal contemplated approximately double the recommended prison sentence as the Government's first, withdrawn plea offer that was previously communicated to Mosley. Mr. Reid communicated to Mosley that the Government's offer would require him to serve a minimum of 57 months in prison, as opposed to the 15 years in prison that he would face if convicted of the charges set forth in the indictment.

The Court, however, finds unconvincing the testimony of Mosley, Ms. Jernigan, and Ms.

Wimberly that Mr. Reid called Mosley on the day he received the plea offer – three days before trial – and requested an immediate meeting simply to discuss trial preparation. That Mr. Reid merely mentioned that the Government offered a plea deal, but did not convey the terms of that plea deal is contrary to Mr. Reid's customary practice and highly unlikely given the urgency of the meeting. Additionally, even assuming that Mr. Reid did not convey the terms of the plea deal, that Mosley would not even inquire about its terms is in stark contrast to Mosley's testimony that he emphatically conveyed his willingness to accept the first plea offer made by the Government.

From the inception of this case, Mosley has proclaimed his innocence. Based on this perceived innocence, and after weighing the evidence against him prior to trial, Mosley proceeded to trial upon the recommendation of his counsel.[2] The fact hat Mosley now faces a significantly greater prison sentence than the sentence he would have faced had he accepted the Government's plea offer is a harsh consequence of his decision. The Court finds, however, that Mosley's decision was made with knowledge of the terms of the Government's March 17, 2008 plea offer.

Accordingly, the Court finds that Mr. Reid adequately conveyed the terms of the Government's plea offer to Mosley during the March 17, 2008 meeting. Because the Court finds that Mr. Reid's performance was not constitutionally deficient, the Court need not address the

---

[2]In his motion, Mosley suggests that Mr. Reid improperly advised him regarding the strength of his case. Neither party focused on this issue during the January 10, 2012 evidentiary hearing. Based upon Mosley's view of the evidence and his continuous belief in his innocence, as well as upon the competing case law among the circuits, the Court notes that Mr. Reid's recommendation to proceed to trial was not an unreasonable one. *See e.g. United States v. Beverly*, 750 F.2d 34 (6th Cir. 1984); *United States v. Newsom*, 452 F.3d 593 (6th Cir. 2006); and *United States v. Blue*, 957 F.2d 106 (4th Cir. 1992).

prejudice prong of the *Strickland* test.

CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Mosley's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 38) is **DENIED**.

**IT IS SO ORDERED**.

    S/Sean F. Cox
    Sean F. Cox
    United States District Court

Dated: May 3, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 3, 2012, by electronic and/or ordinary mail.

    S/Jennifer Hernandez
    Case Manager